UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Case Number: _____

Meghan Anderson,

                Plaintiff,

vs.

Everest Receivable Services, Inc.,

                Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Meghan Anderson, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55-559.785 in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Meghan Anderson ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

4. Defendant, Everest Receivable Services, Inc. ("Everest"), is a business entity with an address of 352 Sonwil Drive, Cheektowaga, New York 14222, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

5. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Everest for collection, or Everest was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Everest Engages in Harassment and Abusive Tactics**

9. Within the last year, Everest began calling Plaintiff in an attempt to collect the Debt.

10. Everest repeatedly left voice messages on Plaintiff's cell phone, which failed to contain the mini-Miranda warning.

11. In addition, voice messages left to Plaintiff's cell phone ask to confirm correct information for "Meghan Garcia," which has never been Plaintiff's last name.

12. Moreover, Everest threatened to file a lawsuit against Plaintiff unless she set up payment arrangements to have the Debt paid in full by January of 2018. To date, the Debt was not paid and no legal action has been filed as threatened.

C. **Plaintiff Suffered Actual Damages**

13. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference Paragraphs 1 through 14 of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

17. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

18. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that could not legally be taken or that was not intended to be taken.

19. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

21. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FL. STAT. § 559.55-559.785

24. Plaintiff incorporates by reference Paragraphs 1 through 14 of the Complaint as though fully stated herein.

25. Defendant orally communicated with a debtor in such a manner as to give the false impression or appearance that such person was an attorney or was associated with an attorney, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(12).

26. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Actual damages pursuant to Fla. Stat. § 559.77;

5. Statutory damages pursuant to Fla. Stat. § 559.77;

6. Punitive damages pursuant to Fla. Stat. § 559.77; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 12, 2018

                                              Respectfully submitted,

By    */s/ Tamra Givens*
         Tamra Givens, Esq.
         Florida Bar No. 657638
         43 Danbury Road
         Wilton, CT 06897
         Telephone: (203) 653-2250
         Facsimile: (203) 653-3424
         tgivens@lemberglaw.com